IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD L. BLAKE and
PENNY L. BLAKE,

          Plaintiffs,

v.                                      CIVIL ACTION NO.   3:19-0847
                                            (consolidated with 3:19-859 through 873)

COLUMBIA GAS TRANSMISSION, LLC and
TRANSCANADA POWER CORP.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants Columbia Gas Transmission, LLC and Transcanada Power Corp.'s Motions to Dismiss or, in the Alternative, Motions for Summary Judgment. ECF No. 18, 20. For the following reasons, the Court **GRANTS, in part,** and **DENIES, in part,** Defendants' motions.

**I.
BACKGROUND**

This case is one of sixteen substantively similar cases filed in the Circuit Court of Wayne County, West Virginia, that were removed to this Court and consolidated. In these actions, Plaintiffs own property situated near a natural gas facility referred to as the "Ceredo Compressor Station." Plaintiffs claim that, at some point, Defendants made modifications and additions to the existing Compressor Station and, in the process, Defendants altered the physical landscape of the facility by moving dirt, cutting trees, and removing undergrowth. Plaintiffs claim that these activities destroyed the barrier between their property and the Compressor Station, which created a private nuisance. Specifically, Plaintiffs allege that "Defendants' design, planning, construction

and operation of the Ceredo Compressor Station has resulted in a substantial and unreasonable interference with [their] private use and quiet enjoyment of their property." *Compl.* ¶11, ECF No. 1-1. Plaintiffs further contend that, as a result, they "have experienced disruptions to their daily lives including, but not limited to, noise, light, dust debris and odors which have emanated from the Defendants' Ceredo Compressor Station." *Id*. ¶12. Plaintiffs also allege they "have experienced a decrease in the value of their homes and real estate as a result of the Defendants' activities." *Id*. ¶15. In their motions, Defendants argue Plaintiffs cannot proceed because their claims arise under the Natural Gas Act (NGA), 15 U.S.C. § 717 *et seq.*, which exclusively vests the Federal Energy Regulatory Commission (FERC or Commission) with the power to regulate the design, construction, and operation of the Compressor Station. Thus, Defendants argue this Court lacks jurisdiction. Defendants also maintain some Plaintiffs have admitted they do not have damages and, therefore, they do not have viable claims.

## II.
## STANDARD OF REVIEW

Defendants move to dismiss this action pursuant to Rule 12(b)((1) of the Federal Rules of Civil Procedure and, alternatively, move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986) (Murnaghan, C.J., concurring). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Id*. If a "facial attack" is made, the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id*. On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. In this situation, a "district court is to regard the pleadings' allegations as

mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citations omitted). A dismissal only should be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

Under Rule 56 for summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III.
### DISCUSSION

Under the NGA, natural-gas companies, such as Defendants, may not "construct[]" or "operate" any facilities subject to FERC's jurisdiction unless they have first received "a certificate of public convenience and necessity issued by the Commission authorizing such acts or operations." 15 U.S.C. § 717f(c).[1] The proceedings to get a certificate are considered the "heart" of the NGA and requires FERC "to evaluate all factors bearing on the public interest." *Atlantic Refining Co. v. Public Serv. Comm'n of NY*, 360 U.S. 378, 388, 391 (1959). To fulfill its responsibility, FERC has promulgated detailed regulations for certificate applications. *See generally* 18 C.F.R. §§ 2, 157, 380, 385. To receive a certificate, an applicant must submit extensive data and attest to its necessity and purpose. 15 U.S.C. § 717f(d), (e). A certificate can be issued only if FERC finds an applicant demonstrates that it "is able and willing . . . to conform to the provisions of [the NGA] . . . and that the . . . operation [and] construction . . . is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied." 15 U.S.C. § 717f(e), in part.

If an individual feels aggrieved by an order of the Commission, Congress has set forth an administrative process for rehearing and review. 15 U.S.C. § 717r. The individual must first apply for a rehearing with FERC. 15 U.S.C. § 717r(a). If the grievance is not resolved to the

---

[1] Compressor stations are included as facilities subject to FERC's authority. *See, e.g., Nat. Fuel Gas Supply Corp. v. Town of Wales*, 904 F.Supp.2d 324, 327 (W.D. N.Y. 2012) (stating "[u]nder the Natural Gas Act, such a certificate is a prerequisite to construction" of a "compressor station" (citing 15 U.S.C. § 717f(c)(1)(A)).

individual's satisfaction, the next step is to seek review by the United States court of appeals. 15 U.S.C. § 717r(b) (providing, in part, "[a]ny party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States").

In support of their motions, Defendants state that the Compressor Station at issue here originally was authorized in 1954 by FERC's predecessor, the Federal Power Commission, and the Compressor Station was issued a certificate of public convenience and necessity pursuant to the Natural Gas Act, 15 U.S.C. § 717(f), 18 C.F.R. § 157. On January 19, 2017, the construction and modification process for the Compressor Station was approved by FERC. *See Order Issuing Certificates and Approving Abandonment*, 158 FERC ¶ 61,046 (Jan. 19, 2017), ECF No. 20-1. Thereafter, the Certificate was amended on July 30, 2020. *See Order Amending Certificate*, 172 FERC ¶ 61, 107 (July 30, 2020), ECF No. 20-2. Defendants state Plaintiffs were given notice of the construction plans at the facility, but they never took any action to exhaust their administrative remedies. Therefore, Defendants argue Plaintiffs cannot challenge the design, construction, or operation of the Compressor Station without first exhausting their administrative remedies and getting a final order from the Commission. Additionally, Defendants maintain that, even if Plaintiffs had exhausted, they must bring a challenge to a final order by the Commission in the United States court of appeals, not the district court. Therefore, this Court lacks subject matter jurisdiction. Moreover, Defendants argue Plaintiffs' claims for nuisance are subject to preemption because they relate to the transportation of natural gas in interstate commerce. Defendants insist that state common laws cannot be used to make an end-run around FERC's exclusive jurisdiction.

In response, Plaintiffs state they are not challenging in anyway the FERC Certificate or Defendants' right to operate its facility. Likewise, Plaintiffs maintain that they do not seek to interfere with the planning, design, construction, or operation of the facility. Instead, Plaintiffs assert they have made a common law nuisance claim that falls outside the statutory and regulatory framework. As a result, Plaintiffs argue the NGA simply does not apply. Therefore, Plaintiffs insist their claims are not preempted, nor are they subject to FERC's exhaustion requirements.

In considering the arguments of the parties, the Court looks to the Complaint to identify the precise nuisances Plaintiffs allege. In this case, Plaintiffs claim Defendants' "planning, designing, constructing and operating" of the Compressor Station has resulted in, but is not limited to, "noise, light, dust, debris and odors." *Compl.* ¶¶10, 12, in part. In Response, Defendants make broad statements that the Complaint is subject to exhaustion and field preemption, however, Defendants focus almost exclusively on Plaintiffs' complaints of noise. As indicated by Defendants, both the Order Issuing Certificates and Approving Abandonment and the Order Amending Certificate establish noise level limits for the Compression Station, and those levels are directly related to its operation. Although Plaintiffs state they are not challenging the Certificates, the Court disagrees. Plaintiffs are seeking compensation for a noise level authorized by FERC. However, Plaintiffs cannot demand through a collateral attack a lower noise level standard than what Defendants may lawfully do under their Certificates. If Plaintiffs believe the noise level established by the Certificates is too high, then Plaintiffs' remedy lies with exercising their rights through the administrative process, not by bringing an action in the district court. Thus, as the permissible noise levels clearly were established by the Commission through the Certificate

process, this Court lacks subject matter jurisdiction and **GRANTS** Defendants' motion as to Plaintiffs' allegations of noise.

As to the remainder of Plaintiffs' claims related to "light, dust, debris and odors," the precise nature of these allegations, and how they factor into the Certificates issued for the Compressor Station and FERC's regulatory process, are unclear to the Court. Although it may very well be that these issues also fall within the Certificates' parameters and/or the scope of preemption under the NGA, Defendants have focused their briefs on noise and have not made any specific arguments with respect to these other claims. At this point, the Court is hesitant to apply exhaustion requirements and/or preemption without having more information about the precise nature of these claims and if, or how, these claims fit within the NGA framework. Therefore, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion with respect to "light, dust, debris and odors."

In their second motion,[2] Defendants assert an additional argument against some of the consolidated Plaintiffs.[3] Defendants argue that these Plaintiffs cannot proceed with their claims because they failed to timely respond to discovery requests, thereby admitting they have not suffered any damages. Additionally, Defendants contend that, in their late responses for requests for admission, these Plaintiffs admitted their properties have not decreased in value as

---

[2]ECF No. 20.

[3]Specifically, Defendants identify the actions brought by Albert Bowen, Eugenia Damron, Lewis and Nancy Foshee, Glen and Kimberly Henderson, Edna McKeand, Betty Meadows, James and Jessica Peek, Leonard and Robyn Picha, Robert Saylers, and Zane Smith.

alleged and they have not suffered any damages. Therefore, Defendants insist these Plaintiffs cannot show an injury-in-fact and lack standing.

Plaintiffs do not dispute they untimely responded to Defendants' discovery requests. However, Plaintiffs contend that the requests were served and pending at the beginning of the COVID-19 pandemic, which caused difficulties with completing discovery. Plaintiffs state they now have responded in full, and they ask this Court to not deem their failure to timely respond as admissions.

Rule 36 of the Federal Rule of Civil Procedure governs requests for admissions and provides that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3). The "sanction for failure to respond to a request for admission is self executing[.]" *Hill v. Laury*, No. 3:06-cv-79, 2006 WL 2631796, *3 (E.D. Va. Sept. 13, 2006). Once a matter is deemed admitted under Rule 36, the district court cannot simply disregard it, but it may allow it to "be withdrawn only if: a) the withdrawal would promote the presentation of the merits of the action, and b) allowing the withdrawal would not prejudice the party that obtained the admission." *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 173 (4th Cir. 2005) (citing Rule 36(b);[4] (other citation omitted)).

---

[4]Rule 36(b) provides:

In considering these factors, the Court finds they weigh in favor of Plaintiffs. First, the Court finds that accepting Plaintiffs' answers, albeit untimely, promotes the presentation of the merits of this action. Second, the Court finds Defendants are not unduly prejudiced by the late responses. In making these findings, the Court also recognizes that the COVID-19 pandemic has created unique obstacles in completing discovery in a timely fashion, particularly in situations like this one where there are multiple plaintiffs involved. Although the best approach would have been for Plaintiffs to confer with Defendants and reach agreements on additional extensions of time for discovery, or seek an extension from the Court in advance of a deadline, upon considering the factors above, and in light of the extraordinary and compelling circumstances that COVID-19 has presented, the Court permits Plaintiffs to withdraw their admissions for failing to file timely responses and substitute them with their written responses.[5]

These Plaintiffs next contest Defendants' argument that they admitted in their written responses that they do not have any damages. With respect to the specific requests for admission at issue,[6] Plaintiffs argue that their admissions that they did "not possess any records

---

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

[5]Although Plaintiffs did not file a formal motion under Rule 36(b), they do make their request in their Response. The Court will construe their request as a motion for purposes of the Rule. In the future, however, the Court cautions Plaintiffs to file a formal motion.

[6]*See Defs.' Ex. C*, ECF No. 20-3 (containing requests for admission from the various

that establish that the value of [their] home had decreased as a result of the allegations contained in the Complaint" and that they "do not posses any records that establish that the value of [their] home had diminished in value as a result of the allegations contained in the Complaint," is not the same as stating they do not have any damages. Instead, Plaintiffs insist they were merely admitting they did not then have documentation regarding damages, not that they do not have damages. Similarly, Plaintiffs argue that, by admitting they "have not suffered any monetary damages or loss as a result of Columbia's actions," they only meant they have not had any out-of-pocket expenses, not that they have not suffered significant general damages for nuisance for such things as annoyance, discomfort, and inconvenience. *See Taylor v. Culloden Pub. Serv. Dist.*, 591 S.E.2d 197, 203 (W. Va. 2003) (stating "[t]he prevailing view is that recovery is not limited to damages to plaintiff's property and its rental value, but the owner of a residence or dwelling house occupied by him as a home is entitled to just compensation for annoyance, discomfort, and inconvenience caused by a nuisance . . . even though he makes no showing of a monetary loss, or of bodily injury or illness" (internal quotation marks and citations omitted)). Although the parties quibble over the meaning and breadth of these specific requests for admissions, it is clear to the Court that Plaintiffs neither intended nor believed that their answers were the equivalent of admitting they have not experienced any damages. Clearly, Plaintiffs believe they are entitled to compensation for their alleged injuries. Therefore, the Court declines to accept Defendants' narrow view of their responses and **DENIES** Defendants' motion with respect to damages.

---

Plaintiffs; specifically, quoting from requests 8, 9, and 10).

IV.
CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' motions with respect to noise for lack of subject matter jurisdiction, **DENIES WITHOUT PREJUDICE** Defendants' motion with respect to "light, dust, debris and odors," and **DENIES** Defendants' motion as to the damage issue.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 12, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE