IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD L. BLAKE and
PENNY L. BLAKE,

          Plaintiffs,

v.                                                              CIVIL ACTION NO.   3:19-0847
                                                                (consolidated with 3:19-859 through 873)
COLUMBIA GAS TRANSMISSION, LLC and
TRANSCANADA POWER CORP.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court are two related motions in limine filed by Defendants Columbia Gas Transmission, LLC and Transcanada Power Corp. First is Defendants' Motion to Exclude Plaintiffs from Offering Expert Testimony. ECF No. 30. Second is Defendants' Motion for Sanctions against some of Plaintiffs[1] for failing to properly supplement their discovery responses and properly and timely identify expert testimony. ECF No. 31. Plaintiffs oppose the motions. For the following reason, the Court **GRANTS** both motions.

      On May 1, 2020, Defendants served all Plaintiffs with a copy of their First Set of Combined Discovery Requests. ECF No. 13. After reviewing the responses, Defendants believed

---

[1] This case is the lead case in a consolidated action. In their Motion for Sanctions, Defendants only seek sanctions against Plaintiffs Richard L. and Penny L. Blake, Rexford D. and Rhonda M. Castle, Cynthia Boyce, Jerald and Linda Rockwell, Jeffrey A. Maddox, and Wayne and Diann Kelley. Throughout this Memorandum Opinion and Order, the Court will refer to Plaintiffs generally with the understanding that the interrogatory responses at issue and the Motion for Sanctions only applies to these specific Plaintiffs.

that some were deficient and requested they be supplemented. Plaintiffs supplemented their responses, but Defendants remained unsatisfied. Following discussions between the parties, Defendants ultimately filed a Motion to Compel on October 20, 2020. ECF No. 27. On November 12, 2020, the Honorable Cheryl A. Eifert, Magistrate Judge, granted Defendants' motion and ordered "Plaintiffs to serve full and complete responses to the disputed discovery requests on or before November 30, 2020." *Order Granting Mot. to Compel* (Nov. 12, 2020), ECF No. 29. Although not indicated on the docket sheet, Plaintiffs apparently supplemented their responses on the deadline. Still unsatisfied with the additional supplementation, Defendants filed the current motions on February 1, 2021.

As this Court explained more fully in its earlier Memorandum Opinion and Order entered on March 12, 2021, Plaintiffs own properties near a natural gas compressor station, and they claim they suffered damages when Defendants made modifications and additions to the facility. *Blake v. Columbia Gas Transmission, LLC*, No. CV 3:19-0847, 2021 WL 951705, at *1 (S.D. W. Va. Mar. 12, 2021). In their responses to Defendants' interrogatories, Plaintiffs personally estimated the value of their properties and estimated the change in value to their properties following the changes to the compressor station. Plaintiffs also stated in their interrogatory responses that the majority of their damages are general in nature and cannot be itemized.

Given Plaintiffs' responses, Defendants seek to preclude Plaintiffs from offering their lay opinions as evidence of diminution of value. Defendants maintain such evidence is inadmissible because an opinion as to the change in the value of real estate due to an external event

requires a technical analysis that must be established by expert testimony. As Plaintiffs never disclosed an expert on the issue and the expert disclosure deadline was September 10, 2020, Defendants argue any proposed expert testimony on the issue from Plaintiffs should be precluded. Additionally, Defendants assert the Court should exclude evidence of special damages because Plaintiffs have failed to adequately identify any.

In response, Plaintiffs argue that expert testimony is unnecessary because they personally are qualified to testify as to the value and diminution of the value of their properties under West Virginia, which "has long recognized the admissibility of a landowner's opinion concerning the value of his land." *W. Va. Dep't of Transp. v. W. Pocahontas Props., L.P.*, 777 S.E.2d 619, 642 (W. Va. 2015) (footnote omitted). Plaintiffs maintain that testimony of property value from landowners is permitted in West Virginia "because it is generally understood that the opinion of the owner is so far affected by bias that it amounts to little more than a definite statement of the maximum figure of his contention." *Id.* (internal quotation marks and citation omitted). Although the West Virginia Supreme Court has cautioned that a landowner does not have the right "testify to grossly inflated values" *id.*, Plaintiffs cite a number of West Virginia cases that generally stand for the proposition that "a witness acquainted with the land and its situation . . . and adaptability to particular purposes may give his opinion as to its value. He is not and need not be regarded as an expert, but his evidence is competent, though its weight and credibility belong to the jury." *Va. Power Co. v. Brotherton*, 110 S.E. 546, 548 (W. Va. 1922) (citations omitted). *See also Smithson v. U.S. Fid. & Guar. Co.*, 411 S.E.2d 850, 859 (W. Va. 1991) (stating "we have allowed the owner of property, both real and personal, to express an opinion of its value. This was based on the assumption that an owner has some knowledge of his property's worth." (citations

omitted)); *W. Va. Dep't of Highways v. Fisher*, 289 S.E.2d 213, 215 n.1 (W. Va. 1982) (stating "in condemnation proceedings, a landowner may express his opinion concerning the value of his land" (citations omitted); *Toppins v. Oshel*, 89 S.E.2d 359, 368 (W. Va. 1955) ("A witness who is acquainted with the location and the character of land and its adaptability to particular purposes may give his opinion as to its value and, though not an expert and not regarded as such, his evidence relative to value is competent and its weight and its credibility are for the jury." (citations omitted)); *Tenn. Gas Trans. Co. v. Fox*, 58 S.E.2d 584, 589 (W. Va. 1950) ("A witness who is acquainted with land, its location, its character and its adaptability to particular purposes, may give his opinion as to its value. Though such a witness is not an expert, and is not regarded as such, his evidence relating to value is competent and its weight and its credibility are questions for the jury."(citation omitted)); Syl. Pt. 2, *Clay Cty. Ct. v. Adams*, 155 S.E. 174 (W. Va. 1930) ("It is not reversible error in a condemnation proceeding to permit the defendant to give his opinion as to amount of damages he has sustained by reason of the taking, where he has given facts on which his opinion is based, and where he has been fully cross-examined as to such facts."). As this Court sits over this action by virtue of diversity jurisdiction, Plaintiffs argue West Virginia substantive law permits their testimony. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417 (2010) (Stevens, J., concurring) ("It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" (quoting *Hanna v. Plumer,* 380 U.S. 460, 465 (1965)).

As argued by Defendants, however, the precise issue before this Court is one of evidence, not West Virginia substantive law, and the federal evidentiary rules apply. *See id.* Here, Plaintiffs are attempting to introduce their personal testimony about how they believe the

modifications and changes to the compressor station impacted the value of their properties. Of the interrogatory responses Defendants attached to their Motion for Sanctions, the responding Plaintiffs all stated their properties had a value between $100,000 to $150,000 before the changes were made.[2] None of the responding Plaintiffs gave a more precise value. Plaintiffs also stated that the "effective value" of their properties is now zero because no residential buyer would be willing to purchase the properties.[3] If a buyer was willing to purchase a property for rental purposes, Plaintiffs stated they believe it would sell for as little as fifty percent of its original value.

Although the Court recognizes that West Virginia's substantive law allows general testimony about the value of property from owners and those acquainted with the property, the proposed testimony of these Plaintiffs extends beyond those parameters. Specifically, Plaintiffs want to testify that the original value of their properties was somewhere within a relatively broad range of $50,000, leaving the jury to guess about the exact value, and then testify that their properties became totally worthless in the residential buyer market. If the properties can be sold, Plaintiffs guess the properties may be worth only half of the original value. Setting aside Plaintiff Jeffrey A. Maddox for the moment, Plaintiffs do not give any foundation for their diminution calculation other than their own self-serving conjecture about potential resale.

---

[2] With its Motion for Sanctions, Defendants attached the interrogatory responses from those Plaintiffs they named in their motion. *Ex. A*, ECF No. 31-1; *see supra* note 1.

[3] The Court notes that Mr. Maddox's interrogatory response was slightly different. Although he said it is unlikely a residential buyer would want to buy the property, he did not opine the value of the property was zero. *Ex. A*, ECF No. 31-1, at 25.

Not only does the Court find this proposed testimony wildly speculative, but it also has the potential to confuse the jury about what, if any, damages Plaintiffs actually incurred. Plaintiffs begin with an imprecise starting value and end with a range of one hundred to fifty percent less that imprecise value. Such ambiguous testimony as to damages would make it impossible for a jury to accurately calculate any damages, and the Court finds any probative value such evidence may have is substantially outweighed by its prejudicial effect. *See* Fed.R.Civ.P. 403 ("Excluding Relevant Evidence"). Furthermore, the Court finds that a loss of value caused by a specific factor, such as what occurred in this case, entails an analysis beyond the knowledge of what a typical property owner or lay witness possesses. The Court acknowledges that average homeowners likely know when they purchased their property, how much they paid for the property and, under normal circumstances, they perhaps know what a current estimate of the value is. However, when a specific factor is alleged to have changed and, thus, significantly depreciated the value, a much more complicated analysis is necessary to determine what, if any, loss is attributable solely to that particular change.

For instance, a calculation of what impact a specific event had on the value of a piece of property may entail a pre- and post-comparative market analysis, with consideration of whether other outside factors impacted the value. Property values often are affected by such things as housing inventory levels, demand for housing, interest rates, area development, and alternative uses for the property. Evaluating these various factors and determining their impact is simply not something the average property owner can do. Instead, it requires an expert who is trained to make such calculations and property appraisals. *Compare* Fed.R.Civ.P. 702 (describing expert witness testimony), *with* Fed.R.Civ.P. 701 ("If a witness is not testifying as an expert, testimony in the

form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.");. Thus, as the Court finds Plaintiffs' testimony is likely to confuse the jury as to damage calculations and, in any event, expert testimony is necessary as to a claim of diminution of value caused by a specific event, the Court finds Plaintiffs' lay opinions as to the impact the compression station changes had on their property value is inadmissible.

With respect to Mr. Maddox, in his interrogatory responses he stated that he is a real estate broker with extensive experience in the local real estate market, and based upon his knowledge and experience, he opined as to the valuation of certain property both before and after changes were made to the compression station. Defendants argue Mr. Maddox's testimony also is inadmissible because it falls within the scope of an expert opinion and he was not disclosed as an expert. Given his representation, the Court agrees with Defendants that Mr. Maddox's opinions have all the hallmarks of expert testimony. However, as Plaintiffs never disclosed Mr. Maddox as an expert witness, they denied Defendants the right to challenge his expertise or offer a specific rebuttal expert. Under the circumstances, the Court finds it would be inherently unfair to Defendants to allow Mr. Maddox to give what is tantamount to expert testimony when he was never disclosed as one. Therefore, the Court finds Mr. Maddox's testimony as to diminution of value also is inadmissible.

Plaintiffs argue that, if the Court determines expert testimony is necessary, the Court should excuse their shortcomings and failure to disclose an expert by the September 10,

2020 deadline because they believed they personally could testify about lost value under West Virginia substantive law. Plaintiffs also assert the Court should find their failure to disclose an expert was harmless under Rule 37(c) of the Federal Rules of Civil Procedure, asserting that "[w]hether such testimony would be categorized as an 'expert' is a mere technicality."[4] *Pls' Resp. in Opp. to Defs' Mot. for Sanctions*, at 8, ECF No. 32. The Court completely disagrees.

A failure to designate an expert and allow lay witnesses to testify as if they are experts is not a "mere technicality." In this case, Defendants contacted Plaintiffs before the expert disclosure deadline and requested Plaintiffs' interrogatory responses be supplemented. Although Plaintiffs filed supplemental responses, Defendants informed Plaintiffs again—prior to the deadline—that they believed the responses were inadequate and additional supplementation was necessary. *See Defs' Mot. to Compel*, at ¶4. The parties attempted to negotiate a resolution of their dispute, but Defendants ultimately filed their Motion to Compel on October 20, 2020. The motion was granted by the Magistrate Judge after Plaintiffs completely failed to respond or oppose it. Although Plaintiffs supplemented their responses on the deadline set by the Magistrate Judge, Plaintiffs provided Defendants with their speculative diminution calculations and vague answers about damages, stating they are general in nature and cannot be itemized. At no point, does it appear that Plaintiffs felt it necessary to designate an expert to specify and calculate any lost value damage to their properties.

---

[4] Rule 37(c)(1) provides, in part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1), in part.

As previously stated, it is well established that, when a federal court's jurisdiction is based upon diversity, the Federal Rules of Evidence apply. It should not shock anyone that this Court, as the gatekeeper of evidence at trial, must adhere to the federal evidentiary rules and permit only that evidence the rules allow. Although Plaintiffs now seek to be excused from their misunderstanding and ask the Court to allow them to testify because their testimony will not be a surprise to Defendants, a lack of surprise is irrelevant when expert testimony on the issue is required and Plaintiffs have not disclosed an expert. Moreover, for the reasons stated above, Plaintiffs cannot simply give vague, wildly speculative calculations as to what they think their damages are. Although Mr. Maddox might have qualified as an expert,[5] the time for disclosing him as an expert is long past. The Court finds Plaintiffs were provided more than sufficient time to provide admissible evidence and their failure to understand the impact of the federal evidentiary rules cannot excuse their shortcomings. Therefore, at this point in the proceedings, the Court will not reset the discovery deadlines.

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' Motion in Limine to Exclude Plaintiffs from Offering Expert Testimony (ECF No. 30), and Defendants' Motion for Sanctions as to those Plaintiffs referenced in the motion. ECF No. 31. Plaintiffs shall be precluded from disclosing an expert and offering any evidence of special damages and their personal opinions as to diminution of the value of their properties.

---

[5]The Court makes no ruling on whether or not Mr. Maddox actually would qualify as an expert as that issue is not before the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:       September 17, 2021

                                                    _____

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE