IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RICHARD L. BLAKE and
PENNY L. BLAKE,

           Plaintiffs,

v.                                            CIVIL ACTION NO.   3:19-0847
                                            (consolidated with 3:19-859 through 873)

COLUMBIA GAS TRANSMISSION, LLC and
TRANSCANADA POWER CORP.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Reconsider or, Alternatively, Plaintiffs' Motion to Modify Scheduling Order. ECF No. 51. Also pending is Defendants' Motion for Proposed Order Directing the Parties to Obtain Certain Scheduling Dates. ECF No. 54. For the following reasons, the Court **DENIES** Plaintiffs' motions and **GRANTS** Defendants' motion.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Although Rule 54(b) gives the Court more flexibility to revise its interlocutory orders than reconsideration of final judgments, the Court's "discretion is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (internal quotation marks and citation

omitted). Therefore, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id*. (internal quotation marks and citation omitted). In this case, Plaintiffs argue the Court should reconsider its prior decision because it constitutes clear error causing a manifest injustice.

On September 17, 2021, this Court entered a Memorandum Opinion and Order granting the motions of Defendants Columbia Gas Transmission, LLC and Transcanada Power Corp. to Exclude Plaintiffs from Offering Expert Testimony (ECF No. 30) and to Sanction some Plaintiffs for failing to properly supplement their discovery responses and properly and timely identify expert testimony (ECF No. 31). *Blake v. Columbia Gas Transmission, LLC*, 3:19-0847, 2021 WL 4255619 (S.D. W. Va. Sept. 17, 2021). In the Opinion, this Court rejected Plaintiffs' argument that they should be able to personally estimate the diminution in value of their property after Defendants made changes to a nearby compressor station. Although Plaintiffs argued that West Virginia substantive law permits their testimony, this Court found their testimony was imprecise, ambiguous, wildly speculative, and potentially confusing to the jury. *Id*. at *2. Therefore, the Court held that any potential probative value of Plaintiffs' testimony was outweighed by its prejudicial effect and must be excluded under the federal evidentiary rules. *Id.*; *see Fed.R.Evid.* 403 ("Excluding Relevant Evidence).

Additionally, unlike those West Virginia cases allowing property owners to testify generally about the value of their property, the Court found the testimony proposed by Plaintiffs in this case exceeded those bounds to include a diminution of value caused by a specific event. *Id*.

The Court found the proposed diminution of value testimony required "an expert who is trained to make such calculations and property appraisals." *Id*. at *3. The Court recognized that, although property owners may know when and how much they paid for their property and might know the current value of the property, a calculation of a loss of value caused by a specific factor is a complicated analysis which is beyond the knowledge of an average property owner. *Id*. Therefore, this case is distinguishable from those West Virginia cases relied upon by Plaintiffs. As a result, the Court concluded, as "Plaintiffs' testimony is likely to confuse the jury as to damage calculations and . . . [as] expert testimony is necessary as to a claim of diminution of value caused by a specific event, . . . Plaintiffs' lay opinions as to the impact the compression station changes had on their property value is inadmissible" and granted Defendants' motion to exclude that testimony. *Id*.

Upon reconsideration, Plaintiffs argue the Court has departed from West Virginia substantive law and created an opportunity for forum shopping. However, as previously stated, the cases Plaintiffs rely upon are inapplicable and do not address this situation where there is an alleged diminution of value caused by a specific event. *See id.* at *2 (collecting cases). Thus, forum shopping is of no concern. As stated above and more fully explained in the September 17, 2021 Memorandum Opinion and Order, the issue is not simply how much property owners believe their property is worth. Rather, it is what impact the changes to the compressor station had to the value of Plaintiffs' property. Evaluating the various factors that go into such a determination is not something average property owners can do, which in this case is demonstrated by the wildly speculative and imprecise figures the property owners actually gave. As the evidentiary

gatekeeper, the Court finds no reasons to change its decision and allow Plaintiffs to testify as to diminution.

In the September 17, 2021 Memorandum Opinion and Order, the Court also denied Plaintiffs' request to allow them to designate an expert after the disclosure deadline. Plaintiffs argued their failure to comply with the deadline should be excused because they believed they would be able to personally testify about the impact the changes to the compressor station had on the value of their property. In denying their request, the Court noted the September 10, 2020 deadline for expert disclosures had long past and Plaintiffs' "failure to understand the impact of the federal evidentiary rules cannot excuse their shortcomings." *Id*. at *4. Therefore, the Court declined to reset the discovery deadlines.

Now, Plaintiffs insist good cause exists under Rule 16(b)(4) of the Federal Rules of Civil Procedure to modify the expert disclosure deadline set forth in the Court's June 24, 2020 Scheduling Order.[1] Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiffs again contend they should not be punished for their good faith belief they could testify as to the diminution of the value of their property. Plaintiffs also insist Defendants will not be prejudiced by resetting the expert disclosure deadline because there currently is no trial date set.

---

[1] The June 24, 2020 Scheduling Order set a trial date of April 20, 2021. On March 2, 2021, the parties filed a joint motion to amend, and the Court granted the motion and entered an Amended Scheduling Order on March 3, 2021. The March 3 Scheduling Order did not reset the expert disclosure deadline that had passed nearly six months earlier. It only reset deadlines from the time of the Settlement Meeting and Rule 26(a)(3) disclosures until the trial date. Those deadlines were reset to September 13, 2021 until October 19, 2021. *See Amended Scheduling Order* (Mar. 3, 2021), ECF No. 37.

Within a few hours of this Court entering its September 17, 2021 Memorandum Opinion and Order, the parties filed a joint motion to suspend the remaining deadlines to allow them the opportunity to mediate. *See Pls.' and Defs.' Joint Mot. to Cont.*, 3:19-00847 (Sept. 17, 2021), ECF No. 46.[2] The parties did not request in their motion that the expert disclosure deadline be reset, which was established in the June 24, 2020 Scheduling Order. That Scheduling Order directed that the party bearing the burden of proof disclose their expert by September 10, 2020.

Although Plaintiffs argue their failure to name an expert was based upon their good faith belief it was unnecessary, the Court resoundingly rejected that reasoning in its September 17, 2021 Memorandum Opinion and Order. As previously stated, this Court will not excuse Plaintiffs "because they believed they personally could testify about lost value under West Virginia substantive law" and "Plaintiffs were provided more than sufficient time to provide admissible evidence and their failure to understand the impact of the federal evidentiary rules cannot excuse their shortcomings." *Id*. at *3, 4. The Court finds no reason to depart from that reasoning. Moreover, the Court rejects Plaintiffs' argument that Defendants will not be prejudiced by allowing them to make a late disclosure. Allowing Plaintiffs to make a late disclosure will prejudice Defendants as they will have to devote additional time and expense in conducting depositions, marshaling rebuttal evidence, and revising dispositive motions. Thus, finding prejudice to Defendant and Plaintiffs' failure to establish good cause, the Court **DENIES** their alternative Motion to Modify Scheduling Order and extend the expert disclosure deadline.

---

[2] When the parties filed their motion, the only deadlines remaining were for the Proposed Integrated Pretrial Order, Pretrial Conference, Proposed Charge to the Jury, Final Settlement Conference, and Trial. The parties conceded that they had failed to have their Settlement Meeting and make their Rule 26(a)(3) disclosures by the September 13, 2021 deadline. However, since that time, they engaged in mediation.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Reconsider or, Alternatively, Plaintiffs' Motion to Modify Scheduling Order. ECF No. 51. Additionally, as a new Scheduling Order is necessary, the Court **GRANTS** Defendants' Motion for Proposed Order Directing the Parties to Obtain Certain Scheduling Dates. ECF No. 54. The Court **DIRECTS** the parties to conduct a meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure **on or before December 22, 2021**, and file an agreed proposed Amended Scheduling Order setting forth the following dates:[3]

1. Proposed Integrated Pretrial Order;
2. Pretrial Conference;
3. Proposed Charge to Jury;
4. Final Settlement Conference; and
5. Trial[4]

The Court **ORDERS** the parties to file the agreed proposed Amended Scheduling Order with the Court **on or before January 3, 2022**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 13, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] *See Worksheet for Report of the Parties' Planning Meeting*, available on the Court's website, and LR Civ. P. 16.1.

[4] It is unclear to the Court whether the parties have made their Rule 26(a)(3) disclosures. If those disclosures have not been completed, they should be included in the proposed Amended Scheduling Order.